UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10-3321-CMM

UNITED STATES OF AMERICA

vs.

JASMINE BARRETO and
JONATHAN CHACON,

        Defendants.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes   __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes   __x__ No

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

BY:    _/s/ Eric Hernandez_
    ERIC A. HERNANDEZ
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No. 340730
    99 N. E. 4th Street
    Miami, Florida 33132-2111
    TEL (305) 961-9423
    FAX (305) 536-4699

AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JASMINE BARRETO and<br>JONATHAN CHACON,<br><br>*Defendant* | )<br>)<br>) Case No. 10-3321-CMM<br>)<br>) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __9/10/10__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant violated __21__ U. S. C. § __841__, an offense described as follows:

On or about September 10, 2010, in Miami-Dade County, in the Southern District of Florida, the defendants, JASMINE BARRETO and JONATHAN CHACON, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1), and Title 18, United States Code, Section 2, and knowingly and intentionally conspired to possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846.

This criminal complaint is based on these facts:
*PLEASE SEE ATTACHED AFFIDAVIT.

Continued on the attached sheet.

*Complainant's signature*

JOSEPH AHEARN, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/12/2010

*Judge's signature*

City and state:  Miami, Florida    CHRIS M. MCALILEY, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Joseph Ahearn, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately three months. I am currently assigned to the Miami Field Division.

2. I am a law enforcement officer of the United States empowered to conduct investigations and make arrests for offenses enumerated in Title 18 and 21 of the United States Code. I have received extensive training in conducting narcotics investigations and identifying the means and methods used by narcotics traffickers. During my law enforcement career, I have also participated in the execution of several arrests and search warrants in narcotics cases. Much of this training and experience has been directed at the detection, investigation, seizure, and prosecution of individuals involved in the manufacture, possession, and distribution of controlled substances, including crystal methamphetamine, a schedule I controlled substance.

3. The facts in this affidavit are based on my personal knowledge or knowledge provided to me by other law enforcement agents or other credible sources of information. The information in this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Jasmine BARRETO and Jonathan CHACON for possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, as well as conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Section 846. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of BARRETO and CHACON, it does not contain all the information known regarding this investigation.

4. In September 2010, a confidential source (CS) provided information to law enforcement regarding "Jazmin" or Momma J, an individual who is allegedly involved in distributing multi-ounce quantities of crystal methamphetamine in the South Florida area. The CS advised that "Jazmin" would call the CS approximately every two weeks to let the CS know that "Jazmin" had methamphetamine to sell. The CS would then meet "Jazmin" and buy methamphetamine. The CS further advised that a hispanic male between 20 and 30 years of age always accompanied "Jazmin" and that "Jazmin" had referred to this hispanic male as her boss. "Jazmin" was later determined by law enforcement to be Jasmine BARRETO.

1

5. On September 10, 2010, law enforcement recorded one telephone conversation and several text messages between the CS and BARRETO. The CS and BARRETO discussed the CS purchasing four ounces of crystal methamphetamine from BARRETO. The CS and BARRETO agreed to meet and conduct the transaction at a Walgreen's located in Coral Gables, Florida at 5:00 p.m. on September 10, 2010. At this time, law enforcement took possession of the cellular telephone used by the CS and assumed the role of the CS.

6. At approximately 4:15 p.m., BARRETO attempted to call the CS several times and sent the CS a text message asking the CS's location and advising the CS that she was on her way.

7. At approximately 4:20 p.m. on September 10, 2010, law enforcement established surveillance at the Walgreen's located in Coral Gables, Florida.

8. Between 4:15 p.m. and 5:15 p.m., law enforcement, acting as the CS, and BARRETO sent text messages to each other several times to determine each other's whereabouts and estimated time of arrival. At approximately 5:15 p.m., BARRETO advised that she arrived by sending a text message to the phone that was being used by the CS. Law enforcement, acting as the CS, responded to BARRETO with a text message stating that the CS was hungry and had gone to the McDonald's restaurant located in Coral Gables, Florida.

9. Shortly thereafter, BARRETO attempted to call the CS several times. At this time, law enforcement observed a white Cadillac DTS with a New York tag driven by a hispanic female who appeared to be on a cellular phone. The Cadillac was also occupied by a hispanic male in his mid-twenties and an older hispanic female. The Cadillac entered the Walgreen's parking lot, circled the parking lot, and exited. Law enforcement then observed the hispanic male exit the Cadillac near a 7-11 convenience store and maintained surveillance on him. The Cadillac then entered the McDonald's parking lot and parked.

10. At this time, law enforcement observed the hispanic female exit the white Cadillac, walk into the McDonald's, exit the McDonald's, and re-enter the white Cadillac. Shortly thereafter, law enforcement observed the white Cadillac exit the McDonald's parking lot and stop.

11. At approximately 5:25 p.m., law enforcement approached the white Cadillac and detained the hispanic females who had occupied the vehicle. Law enforcement identified the driver as Jasmine BARRETO and the passenger as Juana RODRIGUEZ. BARRETO stated that RODRIGUEZ was her mother.

12. At approximately 5:25 p.m., law enforcement approached and detained the male who had exited the white Cadillac. The male was identified as Jonathan CHACON. Law enforcement searched CHACON and found approximately 5 ounces of a clear glass-like substance, which was later field-tested as crystal methamphetamine. At this time, CHACON spontaneously uttered that the crystal methamphetamine belonged to BARRETO.

13. Law enforcement advised CHACON and BARRETO of their *Miranda* rights and requested consent to search BARRETO's residence, located at 15298 S.W. 17th Terrace, Miami, Florida. Both CHACON and BARRETO waived their *Miranda* rights verbally and in writing, agreed to speak with law enforcement, and consented verbally and in writing to a search of the residence. RODRIGUEZ also agreed, verbally and in writing, to a search of the residence.

14. During an interview by law enforcement, CHACON stated that although the crystal methamphetamine found on his person belonged to BARRETO, he knew that the substance on his person was crystal methamphetamine.

15. BARRETO provided law enforcement with the keys to her home, which were used to gain entry into the residence. During the search law enforcement located and seized approximately 1 ounce of a clear glass-like substance, which later field-tested as crystal methamphetamine, from a nightstand in the downstairs bedroom. BARRETO stated that the crystal methamphetamine found in the residence did not belong to her but that she sometimes slept in the downstairs bedroom where the crystal methamphetamine was found. In the same downstairs bedroom, law enforcement located and seized approximately $1,000. Law enforcement also located and seized approximately $3,000 from a hutch in the dining room.

16. During the search of the residence, CHACON consented both verbally and in writing to a search of his secondary residence located on Fletcher Street in Hollywood, Florida. At the direction of BARRETO and CHACON, law enforcement found a FedEx box in the kitchen trash that both BARRETO and CHACON admitted had arrived from California on the morning of September 10, 2010, containing approximately 9 ounces of crystal methamphetamine.

17. During interviews by law enforcement, both BARRETO and CHACON individually stated that an individual, determined by law enforcement to be the CS, had contacted BARRETO on September 10, 2010, wanting to purchase four ounces of crystal methamphetamine. BARRETO further provided a signed statement, dictated to law enforcement, stating that although the crystal methamphetamine law enforcement found on CHACON was CHACON's, she participated in setting up the deal with the CS. BARRETO further consented, verbally and in writing, to a search of her cellular phone, where law enforcement located the aforementioned text messages between law enforcement, acting as the CS, and BARRETO.

18. The events described above took place within the Southern District of Florida.

19. Based on the foregoing facts, your Affiant believes there is probable cause that on September 10, 2010, BARRETO and CHACON knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, and knowingly and intentionally conspired to possess with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
JOSEPH AHEARN, SPECIAL AGENT, DEA

Sworn to and subscribed
before me this 12th day of September, 2010.

_____
CHRIS M. MCALILEY
U.S. MAGISTRATE JUDGE

4